# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

CIVIL NO. 2:05CV10
(2:02CR104-7)

| | |
|---|---|
| VICTORIA LYN SOLESBEE ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack her conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On February 3, 2003, the Petitioner was charged in a single count superseding bill of indictment with conspiracy to possess with intent to distribute at least 1.5 kilograms of a mixture or substance involving a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841. **Superseding Bill of Indictment, filed February 3, 2003.**

On March 27, 2003, the Petitioner "in person and through counsel" entered into a plea agreement with the Government wherein she agreed to plead guilty to the sole count of the superseding indictment and further agreed the drug amount reasonably foreseeable to her was at least 500 grams but less than 1.5 kilograms of a mixture of methamphetamine. **Plea Agreement, filed March 27, 2003, at 1, 2.** The plea agreement set forth

the minimum and maximum sentences for the violation contained in Count One, *i.e.*, a minimum of 10 years but no more than life imprisonment, a $4 million fine, or both, and a term of not less than five years of supervised release. *Id.*, **at 1.** In addition, the Petitioner also agreed to the forfeiture of certain listed properties; and in exchange for her cooperation with the Government, a two-level reduction in offense level would apply. *Id.*, **at 2.** The Petitioner further agreed that her gross offense level was at least 16; however, she also understood that any reduction in offense level was "ultimately for the Court's determination." *Id.*

Paragraph 3(e) of the Plea Agreement specifically provides as follows:

> The defendant is aware that if the Probation Office determines that a different offense level or a Guideline not addressed in this agreement applies, and the Court finds that the Probation Office is correct, then the Court will use that offense level in determining the sentence.

*Id.*, **at 2.**

On April 1, 2003, the Petitioner appeared before the Magistrate Judge for a Rule 11 hearing and entered her guilty plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed April 1, 2003.** After being placed under oath by the Magistrate Judge, the Petitioner made the following

representations: that she had reviewed the indictment and the plea agreement with her attorney; that her mind was clear and her purpose was to enter her plea of guilty; that she understood the minimum and maximum punishments for Count One; she understood the elements of the offense the Government would be required to prove beyond a reasonable doubt if there had been a trial in the matter; that the Court would be required to consider the applicable Sentencing Guidelines with limited right of departure; that by pleading guilty, she understood she was waiving her right to a jury trial; that she was pleading guilty because she was in fact guilty of the offense; that her plea of guilty was "voluntary and not the result of coercion, threats or promises other than those contained in the written plea agreement;" that she was "entirely satisfied with the services of her attorney;" that she had reviewed the Sentencing Guidelines with her attorney and understood how they may apply to her case; and that she had no questions or comments regarding the proceeding and asked the Court to accept her guilty plea. **See generally, Rule 11, *supra.*** As is the custom in this Court, the Magistrate Judge completed the Rule 11 form and recorded the Petitioner's answers to the questions; the Petitioner and her

attorney then signed the Rule 11 form, and the Petitioner's guilty plea was accepted by the Court. *Id.*, **at 9-10.**

Petitioner's presentence report indicates that she graduated from high school and received a bachelor of science degree from Western Carolina University in 1994. **Presentence Investigation Report, prepared September 9, 2003, at 9.** It was also noted in her presentence report that she was a confirmed drug abuser. *Id.*

On January 29, 2004, the Petitioner was sentenced to a term of 100 months imprisonment. This sentence was a result of the Court allowing the Government's motion for downward departure from an offense level/criminal history category of 34/I and a Guidelines range of 151 to 188 months to an offense level/criminal history category of 30/I and a Guidelines range of 97 to 121 months. **Government's Motion for Downward Departure, filed January 22, 2004, at 3.** In keeping with the terms of the plea agreement, the Court imposed a sentence well within the Guidelines range determined by the Probation Office and accepted by the Court as being correct. **Judgment in a Criminal Case, filed February**

23, 2004.[1] Petitioner did not file a notice of appeal nor does she contend she requested counsel to do so.

## III. DISCUSSION

To the extent that the Petitioner raises grounds based on anything other than ineffective assistance of counsel or prosecutorial misconduct, she waived her right to raise such issues in a motion pursuant to § 2255 in her plea agreement. **Plea Agreement, *supra*, at 5.** Based on the Petitioner's plea agreement, her signature on the Rule 11 Inquiry, the advice she received from the Court at the Rule 11 hearing, and her representations in open court during that hearing, the Court finds Petitioner made a knowing and voluntary waiver of the right to attack her conviction or sentence by a collateral proceeding such as a § 2255 motion. ***See, United States v. Lemaster*, 403 F.3d 216, 220-21 (4th Cir. 2005) ("[W]e hold that a criminal defendant may waive [her] right to attack [her] conviction and sentence collaterally, so long as the waiver is knowing**

---

[1] An amended Judgment filed May 18, 2004, did not change any terms of the original Judgment, but did strike the requirement that the Petitioner pay a $500 fine. **See Amended Judgment in a Criminal Case, filed May 18, 2004.**

and voluntary. . . . [A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (internal quotations and citations omitted)); *United States v. General*, 278 F.3d 389 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994); see also, *United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005) (holding that the Government as well as the defendant should receive the benefit of a binding plea agreement).

In considering Petitioner's claims that she has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984). Unless a defendant makes both showings, her claim of ineffective assistance of counsel must

fail. *Id.* Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for counsel's conduct, there was a reasonable probability the result would have been different. *Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992) **(In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty).** If the defendant fails to make the first showing, there is no need to consider the second. ***Strickland, supra.***

Petitioner contends she "was never able to consult with her attorney . . . in regards to her Pre-Sentence Report draft or final copy . . . [and he] never contacted her to discuss [the] objections to the [report] that he was filing on the Petitioner's behalf. Petitioner was never able to make her objections and concerns known to her attorney about the [presentence report]. **Affidavit of Victoria Lyn Solesbee,** *attached to* **Motion, at 1-2.** Petitioner states that had she been able to discuss the report with her attorney, she would have objected to the four-level enhancement based on the determination that she had a leadership role within the conspiracy. *Id.*

At the sentencing hearing, the Court showed the Petitioner a copy of the presentence report and asked her if she had reviewed the report with her attorney and if she understood the contents of the report. She answered, "Yes," to both questions. The Court then inquired of her attorney as to whether or not he had reviewed the report with the Petitioner and, if so, was it his opinion that she understood the contends of the report. The Petitioner's attorney acknowledged that he had reviewed the report with the Petitioner and she understood its contents. The Court, therefore, concludes that the Petitioner's claim of ineffective assistance of counsel on this ground is without merit and is denied.

As mentioned *supra*, the Petitioner acknowledged in her Plea Agreement that if the Probation Office determined, and the Court agreed with such determination, "that a *different offense level* [other than the offense level of 16 noted in the agreement] *or a Guideline not addressed in this [plea] agreement applies*, then the Court would use that offense level or Guideline range in determining the sentence. **See Plea Agreement, at 2 (emphasis added).** Additionally, at the Rule 11 hearing, the Petitioner assured the Magistrate Judge she was fully satisfied with the services of

her attorney. **Rule 11 Inquiry, at 6.** Therefore, the Court finds Petitioner's claims on this issue to be without merit.

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

Finally, the Petitioner claims she is entitled to relief based on the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington State*, 542 U.S. 296 (2004), and *Booker v. United States*, 543 U.S. 220 (2005). The Supreme Court held in *Apprendi* that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt. Besides the fact that the Petitioner entered into a guilty plea, she is mistaken that *Apprendi* would apply to her case in any event because her sentence is not beyond the prescribed statutory maximum. **See, e.g., United States v. Bradford, 7 Fed. Appx. 222, 223 n.\* (4th Cir. 2001) (citing United States v. White, 238 F.3d 537, 542 (4th Cir. 2001)).**

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided. **United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir.), cert. denied, 126 S. Ct. 442 (2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Marshall, 117 Fed. Appx. 269 (4th Cir. 2004).** The Petitioner's conviction became final in February 2004, prior to the *Blakely* decision in June 2004, and could not be retroactively applied in any event.

Petitioner's claim for relief pursuant to *Booker* is rejected as well. In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. The Fourth Circuit, as well as every circuit court which has addressed the issue

of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive. **United States v. Morris, 429 F.3d 65 (4th Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); United States v. Fowler, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir.),** *cert. denied,* **126 S. Ct. 288 (2005); Guzman v. United States, 404 F.3d 139 (2d Cir.),** *cert. denied,* **126 S. Ct. 731 (2005); Humphress v. United States, 398 F.3d 855 (6th Cir.),** *cert. denied,* **126 S. Ct. 199 (2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.),** *cert. denied,* **125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.");** *Green, supra; In re Anderson,* **396 F.3d 1336, 1339 (11th Cir. 2005).**

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.** A Judgment is filed herewith.

Signed: August 16, 2006

Lacy H. Thornburg
United States District Judge